# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY D. KYLE, | ) |
| Plaintiff, | ) |
| vs. | ) CA 17-0529-MU |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly D. Kyle brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), based on disability. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 22. Upon consideration of the administrative record, Kyle's brief, the Commissioner's brief, all other documents of record, and oral

argument, it is determined that the Commissioner's decision denying benefits should be affirmed.[1]

## I. PROCEDURAL HISTORY

On July 19, 2014, Kyle applied for a Period of Disability and DIB, under Title II of the Social Security Act, and on August 25, 2014, she applied for SSI, based on disability, under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383d, alleging disability beginning on August 1, 2013. (Tr. 147-51, 155-60). After her application was denied at the initial level of administrative review on October 31, 2014, Kyle requested a hearing by an Administrative Law Judge (ALJ). (Tr. 99-103). After a hearing was held before ALJ L. Dawn Pischek on February 12, 2016, she issued a decision denying Kyle's claims on January 11, 2017. (Tr. 37-65; 12-33). Kyle appealed the ALJ's decision to the Appeals Council, which denied her request for review on October 20, 2017. (Tr. 1-6).

After exhausting her administrative remedies, Kyle sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on March 8, 2018. (Docs. 10, 11). On April 6, 2018, Kyle filed a brief in support of her claim. (Doc. 12). The Commissioner filed her brief on May 18, 2018. (Doc. 13). Oral argument was held before the undersigned Magistrate Judge on August 8, 2018. (Doc. 20). The case is now ripe for decision.

## II. CLAIM ON APPEAL

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

Kyle presents the following claim in this appeal:

1. Whether the ALJ committed reversible error by failing to consider that Kyle's consistent effort to obtain pain relief enhanced her credibility and by mischaracterizing Kyle's testimony regarding her pain when considering her testimony.

(Doc. 12 at pp. 2-3).

## III. BACKGROUND FACTS

Kyle was born on April 11, 1979, making her 35 years old at the time she filed her claim for benefits. (Tr. 168). Kyle initially alleged disability due to nerve damage in her legs, herniated disc in her neck and back, aortic aneurysm, and fibromyalgia. (Tr. 172). She completed 11th grade in 1995, after having attended regular classes when she was in school. (Tr. 173). She has not completed any type of specialized job training, trade, or vocational school. (*Id*.). She has worked as a cashier, secretary, and housekeeper/janitor. (Tr. 173). She stated that she stopped working in or about 2013/2014 because of her condition. (Tr. 172-73).

Kyle handles her own personal care. (Tr. 194-95). During the relevant period, she lived with her two children. (Tr. 193-94). She is able to cook, wash dishes, do light cleaning, drive a car, shop in stores, pay bills, count change, handle a savings account, and use a checkbook. (Tr. 194-96). Her hobbies include watching her boys play sports, fishing a few times a year, and playing on the computer. (Tr. 197). She attends church about twice a month and talks to people online every day. (*Id*.). She stated that her pain affects her ability to do these things and other things she did before her car accident in November of 2013. (Tr. 194-198). She stated on her Function Report that she has no limitations in completing tasks, concentration, understanding, following written and

3

spoken instructions, paying attention, or getting along with others. (Tr. 198). She gets along great with authority figures and handles stress "ok," but does not handle changes in routine well. (Tr. 199).

Kyle indicated at the hearing in February of 2016 that she cannot do her prior jobs because of the pain associated with her neck, arms, and hip. (Tr. 43-44, 49-50). After conducting the hearing and reviewing the submitted medical records, the ALJ made a determination that Kyle had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 15-28).

## IV. ALJ'S DECISION

In her January 11, 2017 decision, the ALJ found that Kyle had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, left humerus fracture, and pelvis and ribcage fractures. (Tr. 17). She found that Kyle's chronic pain syndrome did not cause more than minimal limitation in her ability to perform basic mental work activities and was, therefore, not severe. (Tr. 19). The ALJ also found that her hypertension, chronic indwelling of an IVC filter, aneurysm of the thoracic aorta, splenic laceration, facial fractures, and arrhythmias are non-severe impairments. (Tr. 18-19). After considering the record, the ALJ found that Kyle has the following RFC:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: stand for two hours at one time or four hours total in an eight-hour workday; walk for one hour at one time or two hours total in an eight-hour workday. With regard to the dominant right upper extremity, the claimant can reach, push and pull frequently; and handle, finger, and feel continuously. With regard to the left upper extremity, the claimant can reach, push, and pull occasionally; and handle, finger and feel frequently. The claimant can operate foot controls and balance frequently; and climb, stoop, kneel, and crouch occasionally. The claimant cannot crawl and cannot work around

4

> exposure to unprotected heights, moving mechanical parts, extreme cold or vibration. The claimant can operate motor vehicles frequently. The claimant can work with exposure to humidity and wetness, dust, fumes, odors, gases and extreme heat frequently. The claimant can tolerate moderate noise. The claimant is limited to simple and routine work tasks of unskilled work.

(Tr. 21). Based upon this RFC, the ALJ concluded, based upon the testimony from a Vocational Expert (VE) at the hearing, that Kyle, while unable to perform any past relevant work, can perform jobs that exist in significant numbers in the national economy. (Tr. 26-28). Accordingly, the ALJ found that Kyle had not been under a disability, as defined in the Act, from August 1, 2013 to the date of her decision. (Tr. 28).

## V. DISCUSSION

Eligibility for DIB and SSI benefits requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In evaluating whether a claimant is disabled, the ALJ utilizes a five-step sequential evaluation:

5

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if

[the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Kyle contends that the ALJ erred in concluding that she was not entitled to benefits because she failed to consider that Kyle's consistent effort to obtain pain relief enhanced her credibility with regard to her level of pain and mischaracterized Kyle's testimony regarding her pain when considering her testimony. (Doc. 12 at pp. 2-3). Apparently, it is Kyle's belief that if the ALJ had properly considered her testimony concerning her efforts to obtain pain relief and not mischaracterized a few of her statements, her assessment of Kyle's RFC would have been more restrictive and she would have found that Kyle was disabled under the Act. Conversely, the Commissioner asserts that the ALJ properly applied the five-step sequential process in making her determination and made a proper determination regarding the level of impairment caused by the pain Kyle experienced during the relevant time period.

A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents **the most, not the least**, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2 (emphasis added). The RFC assessment is based on "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's

RFC, the ALJ must consider only limitations and restrictions attributable to medically determinable impairments, i.e., those which are demonstrable by objective medical evidence. SSR 96-8p, 1996 WL 374184, at *2. Because symptoms, such as pain, can suggest a greater severity of impairment than can be shown solely by objective medical evidence, the ALJ must consider the claimant's history, the signs and laboratory findings, statements from the claimant, statements from treating and non-treating sources, and objective medical evidence in assessing whether the claimant's pain level supports greater limitations. 20 C.F.R. § 404.1529(c). Factors relevant to a claimant's symptoms, such as pain, which the ALJ will consider are the claimant's daily activities, the "location, duration, frequency, and intensity" of the pain, factors that precipitate and aggravate the pain, the "type, dosage, effectiveness, and side effects of any medication" taken to alleviate pain, other treatment that the claimant has received for pain relief, any measures the claimant has used to relieve pain, and any other factors concerning the claimant's "functional limitations and restrictions due to pain." 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

In determining a claimant's RFC, the ALJ considers the limiting effects of all of a claimant's impairments, even those that are non-severe. 20 C.F.R. § 404.1545(e). In this case, therefore, even though the ALJ found that Kyle's chronic pain was not a severe impairment, the ALJ was required to consider the limiting effects, if any, of the pain caused by Kyle's conditions. In assessing the total limiting effects of a claimant's pain, the ALJ is to consider all of the medical and non-medical evidence, including the information described in § 404.1529(c). *Id*. Kyle complains that the ALJ, when analyzing whether the medical evidence supported the degree of limitation alleged, did

not consider her consistent efforts to obtain pain relief. However, in her decision, the ALJ reviewed both the medical evidence concerning her attempts to obtain pain relief, as well as Kyle's testimony concerning same. *See* Tr. 22-23 (noting that Kyle was treated with three spinal epidurals, which "provided significant efficacy" and "good results," and that her medications included hydrocodone, tramadol, Xanax, Norco, cyclobenzaprine, and ibuprofen). After considering the medical records and her testimony, the ALJ limited Kyle to a reduced range of light work to accommodate her spinal disorders. (Tr. 23). She specifically limited Kyle "to unskilled work to allow for potentially reduced concentration due to pain and/or medication side effects." (*Id*.). Accordingly, the ALJ here did consider the pain caused by Kyle's condition in setting forth her RFC.

Kyle also argues that the ALJ reversibly erred by mischaracterizing a few statements made by her. The ALJ stated in her decision that Kyle "likes to walk around the mall and does so for about an hour (Hearing Testimony)." (Tr. 22). However, at the hearing Kyle actually testified, "Like I took my kid to the mall, we walked for an hour maybe to get him some school shoes and stuff, and it about killed me."[2] (Tr. 54). Kyle also contends that the ALJ erred when she stated that Kyles testified that "she is able to mow the lawn using a push mower" because her actual testimony was that she can no longer do so and when she stated that Kyle can take care of her children without mentioning that her mother has assisted her when she is able and that she is often unable to do things with her children because she does not feel well. (Tr. 25, 47, 48).

---

[2] The Court notes that, in the Function Report she completed on September 30, 2014, Kyle wrote that she shops for groceries and clothes "once a month about a hour." (Tr. 196).

Having reviewed the evidence and the ALJ's decision, the Court finds that these misstatements were not material to the ALJ's conclusion and, therefore, the ALJ's error was harmless because she would have reached the same disability determination notwithstanding the misstatements. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine to social security cases).

## **CONCLUSION**

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. The Court finds that the ALJ's Decision that Kyle is not entitled to benefits is supported by substantial evidence and based on proper legal standards. Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **17th** day of **August, 2018**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**